## 2083CV00612 Gomes, Suzanne vs. Resource Employment Solutions, LLC

- Case Type:
- Administrative Civil Actions
- Case Status:
- Open
- File Date
- 08/17/2020
- DCM Track:
- A - Average
- Initiating Action:
- Civil Rights Act, G.L. c. 12 § 11H
- Status Date:
- 08/17/2020
- Case Judge:
- 
- Next Event:
- 

| All Information | Party | Tickler | Docket | Disposition |

### Party Information

**Gomes, Suzanne**
- Plaintiff

**Alias**

**Party Attorney**
- Attorney
- Santos, Esq., Sania Sofia
- Bar Code
- 690735
- Address
- ALVES SANTOS, PC
  37 Belmont St
  2nd Fl Suite 203
  Brockton, MA  02301
- Phone Number
- (774)203-9751

**More Party Information**

**Resource Employment Solutions, LLC**
- Defendant

**Alias**

**Party Attorney**
- Attorney
- Chomiak, Esq., Nicole Christine D
- Bar Code
- 638787
- Address
- Gordon Rees Scully Mansukhani
  95 Glastonbury Boulevard
  Suite 206
  Glastonbury, CT  06033
- Phone Number
- (860)494-7532

**More Party Information**

### Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Service | 08/17/2020 | 11/16/2020 | 91 | |
| Answer | 08/17/2020 | 12/15/2020 | 120 | |
| Rule 12/19/20 Served By | 08/17/2020 | 12/15/2020 | 120 | |
| Rule 12/19/20 Filed By | 08/17/2020 | 01/14/2021 | 150 | |
| Rule 12/19/20 Heard By | 08/17/2020 | 02/15/2021 | 182 | |
| Rule 15 Served By | 08/17/2020 | 10/11/2021 | 420 | |
| Rule 15 Filed By | 08/17/2020 | 11/10/2021 | 450 | |
| Rule 15 Heard By | 08/17/2020 | 11/10/2021 | 450 | |
| Discovery | 08/17/2020 | 08/08/2022 | 721 | |
| Rule 56 Served By | 08/17/2020 | 09/06/2022 | 750 | |
| Rule 56 Filed By | 08/17/2020 | 10/06/2022 | 780 | |
| Final Pre-Trial Conference | 08/17/2020 | 02/03/2023 | 900 | |
| Judgment | 08/17/2020 | 08/17/2023 | 1095 | |

### Docket Information

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 08/17/2020 | Attorney appearance<br>On this date Sania Sofia Santos, Esq. added as Private Counsel for Plaintiff Suzanne Gomes | |
| 08/17/2020 | Case assigned to:<br>DCM Track A - Average was added on 08/17/2020 | |
| 08/17/2020 | Original civil complaint filed. | 1 |
| 08/17/2020 | Civil action cover sheet filed. | 2 |
| 09/21/2020 | Attorney appearance<br>On this date Nicole Christine D Chomiak, Esq. added as Private Counsel for Defendant Resource Employment Solutions, LLC | 3 |
| 09/21/2020 | Defendant(s) Resource Employment Solutions, LLC's Assented to Motion for enlargement of time to answer plaintiff's complaint | 4 |

### Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Pending | | |

| Summons | DOCKET NO. 2083-CV-00612 | Trial Court of Massachusetts The Superior Court  |
|---|---|---|
| CASE NAME: Suzanne Gomes, Plaintiff(s) vs. Resource Employment Solutions, LLC, Defendant(s) | | Robert S. Creedon, Jr., Clerk of Courts — Plymouth County<br>COURT NAME & ADDRESS:<br>Plymouth Superior Court<br>72 Belmont Street<br>Brockton, MA 02301 |

THIS SUMMONS IS DIRECTED TO **Resource Employment Solutions LLC** (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

  a) Filing your **signed original** response with the Clerk's Office for Civil Business, **Plymouth County Superior** Court **72 Belmont St. Brockton, MA 02301** (address), by mail or in person **AND**

  b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: **Soria Santos Esq. 37 Belmont St. #203, Brockton, MA 02301**

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.



Served at 12:59 M on the 26 day of August, 2020
By: _____ As Deputy Sheriff
A TRUE COPY — JOHN MINA, SHERIFF ORANGE COUNTY, FLORIDA

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2083CV00612 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Gomes, Suzanne vs. Resource Employment Solutions, LLC | | Robert S. Creedon, Jr., Clerk of Courts |
| TO: Resource Employment Solutions, LLC No addresses available | | COURT NAME & ADDRESS Plymouth County Superior Court - Brockton 72 Belmont Street Brockton, MA 02301 |

## TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**               **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 11/16/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 12/15/2020 | |
| All motions under MRCP 12, 19, and 20 | 12/15/2020 | 01/14/2021 | 02/15/2021 |
| All motions under MRCP 15 | 10/11/2021 | 11/10/2021 | 11/10/2021 |
| All discovery requests **and depositions** served and non-expert depositions completed | 08/08/2022 | | |
| All motions under MRCP 56 | 09/06/2022 | 10/06/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 02/03/2023 |
| Case shall be resolved and judgment shall issue by | | | 08/17/2023 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time. Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | | PHONE |
|---|---|---|---|
| 08/17/2020 | | | |

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2083-CV-0042 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): SUZANNE GOMES<br>ADDRESS: 88 TAFFRAIL ROAD, APARTMENT 3, QUINCY, MA 02169 | | COUNTY Plymouth |
| | DEFENDANT(S): RESOURCE EMPLOYMENT SOLUTIONS, LLC | |
| ATTORNEY: SANIA S. SANTOS, ESQ.<br>ADDRESS: 37 BELMONT STREET, SUITE 203<br>BROCKTON, MA 02301 | ADDRESS: 5900 LAKE ELLENOR DRIVE, SUITE 100, ORLANDO, FL 32809 | |
| BBO: 690735 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| E17 | CIVIL RIGHTS ACT | F | [X] YES  [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  [ ] YES  [X] NO
Is this a class action under Mass. R. Civ. P. 23?  [ ] YES  [X] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ......................................................................... $_____
  2. Total doctor expenses ........................................................................... $_____
  3. Total chiropractic expenses .................................................................. $_____
  4. Total physical therapy expenses .......................................................... $_____
  5. Total other expenses (describe below) ............................................... $_____
   Subtotal (A): $_____
B. Documented lost wages and compensation to date .................................. $119,088.51
C. Documented property damages to date ..................................................... $_____
D. Reasonably anticipated future medical and hospital expenses ................. $_____
E. Reasonably anticipated lost wages ............................................................. $_____
F. Other documented items of damages (describe below) ............................ $500,000.00

Loss of employment opportunity, adverse effect on personal relationships and financial hardship, and emotional distress.

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F): $619,088.51

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $_____

Signature of Attorney/ Unrepresented Plaintiff: X                                Date:

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____                              Date: 08/17/2020

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                                          SUPERIOR COURT DEPARTMENT
                                                       CIVIL ACTION NO.

| |
|---|
| SUZANNE GOMES |
| Plaintiff, |
| vs. |
| RESOURCE EMPLOYMENT SOLUTIONS, LLC |
| Defendant. |

## **PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY**

COMES NOW, Plaintiff, Suzanne Gomes, (hereinafter "Ms. Gomes" and Plaintiff) by counsel, and files her Complaint against Resource Employment Solutions, LLC, (hereinafter "Resource Employment"). In support thereof, Plaintiff alleges the following:

## **PARTIES**

1. Plaintiff, Suzanne Gomes, is an individual residing in the City of Quincy, County of Norfolk, Commonwealth of Massachusetts.

2. Defendant, Resource Employment Solutions, LLC, ("Resource Employment"), based on information and belief, is a limited liability company with principal place of business at 5900 Lake Ellenor Drive, Suite 100, Orlando, Florida 32809. The subject incident in this matter occurred at Resource Employment's Massachusetts branch office, located at 140 School Street, Suite 2F, Brockton, Massachusetts 02302.

## JURISDICTION

3. This is an action for damages arising out of Defendant's discriminatory conduct in which defendant discriminated against Plaintiff based on sex, sexual harassment and retaliated against her when she opposed its discriminatory acts.

4. This unlawful discrimination was perpetrated by the employer against its employee in violation of the Civil Rights Act, 42 U.S.C. 2000e, et seq., as amended, and in violation of M.G.L. Chapter 151B, §1, et seq.

5. Plaintiff timely filed her Complaint at the Massachusetts Commission Against Discrimination ("MCAD"), MCAD Docket No. 18BEM02747, on September 27, 2018, chronicling the ongoing harassment, discrimination, and retaliation she experienced while an employee at Resource Employment. Her Complaint was cross-filed at the Equal Employment Opportunity Commission.

6. On November 30, 2019, the Massachusetts Commission Against Discrimination issued the Plaintiff a Notice of Right to Sue authorizing her to file the instant civil action and found lack of Probable Cause for Plaintiff's Claims of discrimination based on sex, sexual harassment and relation against Defendant, Resource Employment.

7. Plaintiff filed a timely appeal of the Dismissal of the MCAD Complaint and the decision was affirmed on May 20, 2020.

8. Plaintiff has timely filed a Complaint with this Court with 90 days of the Appeal Decision.

## STATEMENT OF FACTS

9. Plaintiff, Ms. Gomes, was at all times relevant to the claims brought herein, a female employee at Resource Employment.

10. Plaintiff worked as a Manager of Resource Employment's Massachusetts office from October 4, 2016 to April 2, 2018.

11. By way of background, Resource Employment is a staffing company that provided temporary and permanent staffing service to companies, including Amazon.

12. As part of her job duties, Plaintiff was responsible for supervising and managing the Massachusetts branch, assisting applicants and employees, facilitating effective staffing by assessing staffing needs of each company, identifying and recruiting talented individuals to fill those needs and hiring internal staff for the Massachusetts branch.

13. Plaintiff enjoyed her position with Employment Resource because it allowed her to use her interpersonal and professional experiences to help people in the community, who struggled with speaking, writing, and understanding English and to secure employment opportunities.

14. After starting her employment with Employment Resource, Plaintiff was supervised by NIT Manager, Magda Bonilla, who worked out of the Corporate Office in Florida.

15. At the end of November 2017, Defendant Resource Employment sent Magda and her wife, Johanna Sanchez on a business trip to the Massachusetts office to assist Plaintiff with the large volume of paper applications, to provide training to the Massachusetts team and unbeknownst to Plaintiff to also restructure the organization of the office.

16. Johanna held a position of seasonal team lead for Amazon, which meant she was employed by Resource Employment as a liaison between Resource Employment and Amazon, one of the company's biggest staffing contracts.

17. However, while on the trip to the Massachusetts office, Johanna exercised authority over Plaintiff as a "de facto" supervisor by: 1) meeting with Plaintiff individually to discuss and address her concerns of Plaintiff's management skills, 2) re-assigning tasks to employees, including Plaintiff based on her assessment of their strengths and weaknesses, and 3) advising Plaintiff that Resource Employment sent her along with Magda to rearrange the office, and fire and/or discipline employees if necessary.

18. Johanna also warned Plaintiff that she and Magda were sent from the corporate office to "chop heads", emphasizing her authority to terminate employees such as Plaintiff.

19. As a result, Plaintiff believed Johanna had authority to affect the terms and conditions of her employment even though she was not her official supervisor.

20. On December 1, 2017, Johanna informed Plaintiff that an Employee had called the Resource Employment corporate office/HR to file a complaint because Plaintiff was "not wearing a bra the other day" and that it against Plaintiff was "very concerning."

21. Plaintiff became very uncomfortable and insecure about her body at that moment and being caught off guard with the subject of the conversation, began to defend her body figure and responded to Johanna by stating that she had very small

breasts, wears a bra every day and could not understand how she could have offended anyone with her appearance.

22. Johanna responded to Plaintiff by stating that "she too, has very small breasts and she understood" but she was just "trying to help [Ms. Gomes] out because we cannot control how others view our bodies." Johanna then lifted her shirt to reveal a tank top underneath, at which point she tugged on her sports bra to prove her point that even women with small breasts should still wear [more supportive] bras. Johanna went further to suggest that Plaintiff wear longer tops to cover her buttocks area when she is in the office.

23. Plaintiff was flabbergasted that she was having this conversation with her supervisor's wife and continued to feel uncomfortable and judged by someone who was not her supervisor and/or manager.

24. Although Plaintiff knew she always dressed in professional attire to work, she felt uncomfortable, offended, and intimidated.

25. Alarmed by the conversation, Plaintiff expressed to Johanna that she intended to speak with the HR Director, Ginnette Brown regarding the employee's complaint about her breasts because this was the first time she was made aware of an employee making a complaint about her figure or dress attire not being appropriate for work.

26. Johanna discouraged Plaintiff from contacting the HR Department by stating that "if Ginnette were to find out about this incident she would call you and chew you up" because Ginnette is very difficult to deal with. Johanna then proceeded to ask

Plaintiff, "are you sure you want to take those chances and talk to Ginnette because I don't think you do?"

27. After the conversation with Johanna ended, Plaintiff kept her scarf on, which covered her breast area, and could not bring herself to take the scarf off for the rest of the day in fear that someone else would start looking at her chest.

28. Thereafter, Plaintiff called Ginnette to discuss the incident but received her voicemail greeting.

29. Then, Plaintiff texted her former supervisor Liliana Hernandez and wrote:

"I was just told to cover my butt when I work and to wear a sturdier bra (I can only wear bralettes- I have no boobies) by Johanna. I can't hide my butt. Meanwhile she has skintight pants on with her shirt tucked in. I feel so uncomfortable. She told me that Ginnette received a complaint from an employee's wife about my boobs...why wouldn't Ginnette tell me? And she told me that the last thing I want is for Ginnette to talk to me because she is not an understanding person. I'm trying to get ahold of Ginnette."

30. A short while later, Plaintiff received a phone call from Ginnette and stepped out of the office to speak with her in private. Plaintiff explained the details of the conversations she had with Johanna and expressed her concerns and how she felt uncomfortable. Plaintiff also inquired whether a complaint had been filed against another employee as stated by Johanna and Ginnette had confirmed that she was not aware of any complaint against Plaintiff.

31. When Plaintiff returned to the office, Magda approached her and asked her if they could take a walk to discuss the incident that took place with Johanna. Plaintiff reluctantly agreed and expressed that she did not feel safe or comfortable.

32. Although Magda did not have personal knowledge of anyone making a complaint against Plaintiff. However, she believed Johanna's allegations and reiterated to Plaintiff that a complaint was filed against Plaintiff even though Ginnette, HR Manager denied it.

33. Magda expressed to Plaintiff that she discussed employee issues with Johanna, and Johanna assisted her to develop strategies on how to make the office run better based on employees' strength and weakness. Magda further state that although she did not expect Johanna to pull Plaintiff aside, Johanna was trying to help Plaintiff become a better manager.

34. Like Johanna, Magda attempted to discourage Plaintiff from making complaints of sexual harassment directly to the HR Department.

35. When Plaintiff returned to the office, she sat at her desk and tried to focus on her work but that was nearly impossible after what had just transpired.

36. After Plaintiff made the Complaint to the HR Department, she began to fear that she would be retaliated against because Magda and Johanna expressed their disappointment that Plaintiff called the HR Department to report the conversation between her and Johanna.

37. At no time did Plaintiff welcome any of the sexual comments about her body and attire identified above.

38. Sometime in the beginning of December 2017, Ginnette flew to the Brockton office unannounced to discuss the incident in person with Plaintiff.

39. Ginnette informed Plaintiff that Johanna was terminated from Resource Employment and that the Director of Operation, Jihan Romero, who was a supervisor at Resource Employment would contact Plaintiff directly to ensure that Plaintiff continued to feel comfortable and safe while working for Resource Employment.

40. Weeks following the incident, Jihan contacted Plaintiff in which she was under the impression that the call was regarding her sexual harassment complaint. However, Jihan immediately told Plaintiff to take her focus away from the incident and to concentrate on the Amazon work orders that needed to be processed and completed for her to remain in good standing with the company.

41. Plaintiff immediately noticed a change in Jihan's tone and attitude towards her following her internal complaint but nonetheless Plaintiff attempted to focus solely on her work duties and responsibilities.

42. However, Plaintiff started noticing that her work environment changed dramatically, and she began experiencing passive aggressive behaviors and adverse employment actions from members of management, including her supervisors.

43. For example, during her tenure at Resource Employment, Plaintiff was interested in the NIT position and started formally training for the position on or about February 2017. After the incident, Jihan told Plaintiff that she did not qualify for the position because it would require her to relocate to the Florida corporate office.

Conversely, the NIT position was given to a male employee who worked in the Brockton office named Christopher Tucker and he was not required to move to Florida.

44. Plaintiff was more qualified than Mr. Tucker for the NIT position.

45. Jihan also began depriving Plaintiff from using her employee benefits (i.e. paid time off and vacation time) after she filed the internal complaint. By October 2017, Plaintiff had accrued five days of vacation time. From December 2017 through March 2018, Plaintiff inquired to Jihan and Angelica on several occasions when she could take vacation time off. Plaintiff was often told that the Brockton office was understaffed, therefore she could not take any time off.

46. In the beginning of March 2018, Plaintiff made a formal written request for vacation time off from March 19, 2018 through March 23, 2018. However, Plaintiff never received a verbal or written approval for her request nor was the same approved in the company database system. She, in turn, worked the entire week of March 19, 2018 through March 25, 2018.

47. After Plaintiff's requested vacation dates had lapsed, Jihan logged onto internal database system on March 29th and altered Plaintiff's record of used vacation time. Jihan had manually approved her vacation request after the week had elapsed to give the allusion that she had used her vacation time so that the database would reflect that she had exhausted employee vacation benefits.

48. Immediately thereafter, Jihan emailed Plaintiff and informed her that she did not have any paid time off available until October 2018. Consequently, if Plaintiff took

any time off from work before October 2018, she would be docked (i.e. reprimanded.)

49. Plaintiff immediately emailed Jihan to inform her she had not used any of her vacation time throughout her tenure at Resource Employment. Plaintiff also reminded Jihan she attended team conference calls, responded to emails, directly communicated, and worked collectively with Jihan during the week of March 19th.

50. Nonetheless, on March 30, 2018, Ginnette sent Plaintiff an email re-asserting Jihan's position that Plaintiff used her vacation days for the year and that she would have to wait until October 2018 to utilize vacation days.

51. While sitting at her desk in disbelief that she was being denied her PTO and vacation time benefits, Mr. Tucker came to Plaintiff's office to take photographs of her on his personal cellphone and stated that Magda had requested the photograph to demonstrate proof that Plaintiff was physically in the office working. Plaintiff felt harassed and violated that her former supervisor instructed an employee to take a photograph of her on his personal cellphone and that she was attempting to micromanage Plaintiff's performance.

52. After filing the internal complaint, Magna and Jihan also began contacting Plaintiff on personal set phones at inappropriate times as early as 5:00am inquiring about work issues which could be dealt during business hours.

53. Defendant, Resource Employment's management personnel created a hostile work environment by engaging in other actions including but not limited to 1) denying Plaintiff basic administrative and clerical support staff despite her countless requests, 2) allowing members of the NIT department to send Plaintiff

countless passive aggressive emails, 3) allowing supervisors to constantly harass Plaintiff with phone calls to her cell at all odd hours of the night and 4) requesting other employees of the Brockton office to take photographs of Plaintiff during her work shift to send to management to confirm Plaintiff was working in the office, which is a total violation of her privacy.

54. On April 2, 2018, Plaintiff resigned from her position because she felt that the working conditions were going to continue being intolerable as it was clear that Resource Employment were not taking accountability for any of the adverse actions against her.

55. Due to the Resource Employment's hostile work environment, adverse action taken against her, Plaintiff suffered loss of income, loss of self-esteem, severe weight loss, emotional distress, anxiety, and depression.

### COUNT I – SEXUAL HARRASSMENT AND GENDER DISCRIMINATON
**Gomes v. Resource Employment Solutions, LLC**
**Massachusetts General Laws Chapter 151B**

56. The Plaintiff repeats and incorporates herein her allegations set forth in paragraphs one (1) through fifty-five (55) above.

57. On the basis of Plaintiff's sex, she was subjected to sexual harassment.

58. Plaintiff believes and therefore avers that the Defendant's failure to effectuate her promotion to NIT was not based on legitimate business considerations but because of her gender and retaliation.

59. At all times, the management of Resource Employment were aware of the sexual harassment.

60. As a result of Defendant's unlawful discrimination against the Plaintiff on the basis of her gender, the Plaintiff has:

    a. Caused to suffer an undesirable job assignment and other adverse employment actions;
    b. Caused to suffer a loss of opportunities to advance her career; and,
    c. Caused to experience emotional distress, humiliation, and mental anguish.

WHEREFORE, Plaintiff demands as follows:

    a. Grant Plaintiff judgment against the Defendant for compensatory damages.
    b. Grant Plaintiff judgment against Defendant for punitive damages in excess of the compensatory damages for its actions towards Plaintiff, and to deter similar extreme and unacceptable conduct in the future.
    c. Grant Plaintiff judgment against Defendant for emotional distress damages.
    d. Award Plaintiff her costs, interest, and reasonable attorney's fees against Defendant.
    e. That the Court grants the Plaintiff such other relief as may be just and proper.

### COUNT II – RETALIATION
**Gomes v. Resource Employment Solutions, LLC**
**Massachusetts General Laws Chapter 151B S 1 ET. Seq.**

61. The Plaintiff repeats and incorporates herein her allegations set forth in paragraphs one (1) through sixty (60) above.

62. As the result of complaining about the Defendant, Resource Employment's unlawful sexual discrimination, the Defendant retaliated against Plaintiff by increasing her workload while decreasing her support staff, denying her promotion opportunities, denying her vacation and personal time off of work and increasing the hostility in the work environment.

63.  As a direct result of the Defendant's conduct, the Plaintiff has suffered damages.

WHEREFORE, Plaintiff, Suzanne Gomes demands as follows:

    a. Grant Plaintiff judgment against Defendant for compensatory damages.

    b. Grant Plaintiff judgment against Defendant for punitive damages in excess of the compensatory damages for its actions towards Plaintiff, and to deter similar extreme and unacceptable conduct in the future.

    c. Grant Plaintiff judgment against Defendant for emotional distress damages.

    d. Award Plaintiff her costs, interest, and reasonable attorney's fees against Defendant.

    e. That the Court grants the Plaintiff such other relief as may be just and proper.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by the Defendant.

Respectfully submitted,
Plaintiff, Suzanne Gomes
By her attorneys,

Sania S. Santos, Esq. BBO No. 690735
santos@alvessantoslaw.com
Alves|Santos, P.C.
37 Belmont Street, Suite 203
Brockton, MA 02301
T: (774) 203-9751 x2
F: (774) 206-2154

Dated: August 17, 2020

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| PLYMOUTH, SS. | SUPERIOR COURT DEPARTMENT<br>CIVIL ACTION NO.: 2083-CV-00612 |

SUZANNE GOMES,  \*
    *Plaintiff*     \*
    \*
v.     \*
    \*
RESOURCE EMPLOYMENT     \*
SOLUTIONS, LLC     \*
    *Defendant*     \*

## **NOTICE OF APPEARANCE**

Please enter the appearance of Nicole C. Chomiak of the law firm of Gordon Rees Scully Mansukhani, 95 Glastonbury Boulevard., Suite 206, Glastonbury, CT 06033, as attorney for the Defendant, Resource Employment Solutions, LLC, in the above captioned matter.

Dated: September 15, 2020     THE DEFENDANT,
    RESOURCE EMPLOYMENT SOLUTIONS, LLC

    BY:   /s/ *Nicole C. Chomiak*
        Nicole C. Chomiak, Esq. (BBO# 638787)
        Gordon Rees Mansukhani Scully
        95 Glastonbury Boulevard, Suite 206
        Glastonbury, CT 06033
        Telephone: (860) 494-7532
        Facsimile: (860) 560-0185
        Email: nchomiak@grsm.com

**CERTIFICATION**

      This is to certify that a copy of the foregoing was sent this 15th day of September, 2020 by Electronic Mail, to all counsel of record as follows:

Sania S. Santos, Esq.
Alves|Santos, PC
37 Belmont Street
Suite 203
Brockton, MA  02301
santos@alvessantoslaw.com

                                            /s/ *Nicole C. Chomiak*
                                            Nicole C. Chomiak, Esq.

1156494/43509283v.1